UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CIVILIEN ZIDOR | CIVIL ACTION NO. 11-CV-0592 |
| VERSUS | JUDGE HAIK |
| WARREN VIATOR, ET AL | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Civilien Zidor. (Rec. Doc. 11). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

### ANALYSIS

On April 11, 2011, Civilien Zidor initiated this lawsuit, filing a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). In his petition, Zidor alleged that he was a native and citizen of Haiti, who had been detained at the South Louisiana Correction Center in Basile, Louisiana, in the custody of the United States Immigration and Customs Enforcement ("ICE") since August 10, 2010. (Rec. Doc. 1 at 5.) He further alleged that, on August 20, 2010, an immigration judge ordered him removed from the United States and returned to Haiti because he was convicted

of a crime that constituted a removal offense. (Rec. Doc. 1-1 at 4). He alleged that the final order of removal was issued on August 20, 2010. (Rec. Doc. 1-1 at 4).

Zidor argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal. He further argues that the presumptively reasonable time period has elapsed. Zidor argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Zidor prayed that a writ of *habeas corpus* be issued directing that he be released from custody.

On May 16, 2011, the undersigned ordered Zidor's petition served on the government and further ordered the government to answer the petition and inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Zidor's detention is otherwise lawful. (Rec. Doc. 2). On May 31, 2011, the government responded to Zidor's petition (Rec. Doc. 6), advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted and that ICE did not anticipate any difficulty with the issuance of a travel document for Zidor. Zidor submitted a detailed response to the government's position on June 10, 2011. [Rec. Doc. 9]

In fact, Zidor was removed to Haiti on July 12, 2011. (Rec. Doc. 11-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States...." Zidor was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Zidor was released from custody and removed to Haiti. (Rec. Doc. 11-2). Therefore, as the undersigned finds Zidor is no longer in ICE custody and has been removed from the United States, Zidor's petition for a writ of *habeas corpus* is moot.

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 11) be GRANTED, and that Zidor's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 26th day of August, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)